**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Abrahamson, ) | No. CV-07-1650-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael J. Astrue, Commissioner of the ) Social Security Administration, ) | |
| Defendant. ) | |

Plaintiff Heidi Abrahamson ("Plaintiff") filed this action under 42 U.S.C. § 405(g) to seek judicial review of Defendant Michael J. Astrue's ("Defendant") denial of her request for Disability Insurance Benefits under Title II of the Social Security Act (Dkt. #1). Currently before the Court are Plaintiff's Motion for Summary Judgment (Dkt. #28) and Defendant's Cross-Motion for Summary Judgment (Dkt. #30). After reviewing the pleadings and hearing oral arguments on March 23, 2009, the Court issues the following Order.

**I.   PROCEDURAL HISTORY**

On October 27, 1997, Plaintiff filed an application for Disability Insurance Benefits, alleging an onset date of September 1, 1995. (Dkt. #10A, Administrative Record "AR" 98-101.) Defendant denied her application initially and on reconsideration. (*Id.* at 72-76, 80-83.) Plaintiff timely requested and received an administrative hearing before Administrative Law Judge ("ALJ") Anne Blair on May 2, 2000. (*Id.* at 84, 27-68.) Plaintiff testified at the

1 hearing (AR 32-53); Ryan Abrahamson, Plaintiff's husband, and Louise Chastain, Plaintiff's
2 neighbor, testified as lay witnesses (AR 57-62, 53-56.); and Edward Jasinski, Ph.D., a
3 clinical psychologist, testified as a medical expert. (AR 62-66.)

4       On March 29, 2001, ALJ Blair denied Plaintiff's application, finding, *inter alia*, that
5 (1) Plaintiff's insured status expired on June 30, 1997 and (2) Plaintiff had participated in
6 substantial gainful activity ( "SGA"), and was therefore not disabled at any time before her
7 insured status expired. (*Id.* at 17-26.) On September 9, 2003, the Appeals Council denied
8 Plaintiff's request for review, and adopted the decision of ALJ Blair as the final decision of
9 the Social Security Administration. (*Id.* at 8-10.)

10       Plaintiff filed a Complaint on November 10, 2003 pursuant to 42 U.S.C. § 405(g),
11 seeking judicial review of ALJ Blair's decision. *See Abrahamson v. Barnhart*, CV 03-2199-
12 PHX-EHC, Dkt. #1. On September 29, 2006, this Court remanded Plaintiff's application for
13 further proceedings holding, *inter alia*, that "[t]he record reflects that Plaintiff worked under
14 special conditions." *Abrahamson v. Barnhart*, CV 03-2199-PHX-EHC, Dkt. #58, pp. 4-5.
15 Further, this Court held that ALJ Blair's failure to discuss whether those special conditions
16 precluded a finding that Plaintiff engaged in SGA constituted reversible error. *Id.* at 5.
17 Accordingly, Plaintiff's application was remanded to consider whether the special conditions
18 under which Plaintiff worked precluded a finding that Plaintiff engaged in SGA. *Id.*

19       On remand, the Appeals Council vacated ALJ Blair's decision, and remanded the
20 application to an ALJ for further proceedings. (AR 660.) On March 13, 2007, a
21 supplemental hearing was conducted before ALJ Ronald Dickinson. (AR 666-696.) Plaintiff
22 testified (AR 673-691), as did George Bluth, Ph.D., a vocational expert. (AR 691-694.) On
23 April 25, 2007, ALJ Dickinson denied Plaintiff's application, finding that (1) Plaintiff's
24 insured status expired on June 30, 2007 and (2) Plaintiff had not worked under special
25 conditions while she was engaged in SGA. (AR 629-637.) ALJ Dickinson's decision
26 constitutes the final decision of the Social Security Administration. (AR 630.) Plaintiff filed
27 this Complaint on August 28, 2007 pursuant to 42 U.S.C. § 405(g), seeking judicial review
28 of ALJ Dickinson's decision. (Dkt. #1.)

## II. LAW OF THE CASE

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'"[1] *Ischay v. Barnhart*, 383 F.Supp.2d 1199 (C.D.Cal. 2005). In *Ischay*, the court further held that "[t]he [law of the case] doctrine does not require that any issue actually have been adjudicated; rather, it applies to this Court's 'explicit decisions as well *as those issues decided by necessary implication.*'" *Ischay*, 383 F.Supp.2d at 1217, quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (emphasis in original).

Here, this Court found as a matter of law and fact that "the record reflects that Plaintiff worked under special conditions." *Abrahamson v. Barnhart*, CV 03-2199-PHX-EHC, Dkt. #58, p. 5. Accordingly, this Court's finding that Plaintiff worked under special conditions is the law of the case, and thus could not be altered by ALJ Dickinson. As such, ALJ Dickinson's renewed "special conditions" analysis constitutes legal error.

Plaintiff also argues that if her work is SGA, she should have received additional quarters of credit and extended insured status. Plaintiff argued this proposition in her previous appeal of the Social Security Administration's decision, and this Court found that ALJ Blair did not err with respect to Plaintiff's claim for an extension of her insured status. *See Abrahamson v. Barnhart*, CV 03-2199-PHX-EHC, Dkt. #58, p. 3, n. 1. Nonetheless, Plaintiff contends that because ALJ Dickinson issued findings of law and fact with regard to Plaintiff's insured status, this Court is not precluded from considering the legal and factual validity of those findings. However, this Court's findings in reference to an extension of

---

[1] The Court notes that there are five circumstances where a court may have discretion to depart from the law of the case: (1) the first decision was clearly erroneous; (2) an intervening change in the law; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *See Ischay*, 383 F.Supp.2d at 1219-20, citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). However, in reviewing the record, there is no evidence to indicate that any of these exceptions are applicable in the instant case.

1 Plaintiff's insured status became the law of the case, and could not be disturbed by ALJ
2 Dickinson.

## III. REMAND

According to the Ninth Circuit, evidence should be credited and an action remanded for the immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

Here, there are outstanding issues that must be resolved before a determination of disability can be made. The mere fact that she engaged in SGA under special conditions is not dispositive of whether Plaintiff is in fact disabled. In fact, "work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c). Therefore, the Court cannot say that the ALJ would be required to find Plaintiff disabled as a matter of law. As such, this case is remanded to the ALJ for further proceedings.

## IV. CONCLUSION

The Court finds that ALJ Dickinson committed legal error in issuing findings of law and fact contrary to the law of the case. Because ALJ Dickinson failed to consider the effect of the special conditions on whether Plaintiff has the necessary skills and ability to work at the substantial gainful activity level, the case is remanded for further development of the record.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART.** (Dkt. #28.) Plaintiff's Motion is **GRANTED** regarding Plaintiff's request to remand.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART.** (Dkt. #30.) Defendant's

1  Cross-Motion is **GRANTED** regarding Defendant's request to deny an immediate award of
2  benefits.
3        **IT IS FURTHER ORDERED** that this Order shall serve as the mandate of the Court.
4  DATED this 26th day of March, 2009.

                                      James A. Teilborg
                                      United States District Judge